Filed 7/31/13  P. v. Carbajal CA2/5
Opinion following remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B222615 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA316526) |
| v. | |
| VALENTIN CARBAJAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Larry P. Fidler, Judge.  Affirmed with directions.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General and Steven D. Matthews, Deputy Attorney General, for Plaintiff and Respondent.

This case is on remand from the California Supreme Court. In a two-to-one decision we previously applied double jeopardy principles and reversed the jury's finding that appellant committed sexual offenses against multiple victims within the meaning of Penal Code section 667.61. The Supreme Court granted review, reversed our judgment, and remanded the case. (*People v. Carbajal* (2013) 56 Cal.4th 521, 525-537.) In light of the Supreme Court's decision, we hold appellant's retrial did not offend federal or state double jeopardy doctrines and affirm the judgment as it pertains to the jury's enhancement finding. (See *Arizona v. Washington* (1978) 434 U.S. 497, 503; *People v. Anderson* (2009) 47 Cal.4th 92, 104.)

There remains the issue of whether the abstract of judgment should be modified to correct sentencing errors. The parties have submitted supplemental letter briefs on the topic. A reviewing court has the authority to modify the abstract of judgment (Pen. Code, § 1260) but we agree with appellant the better approach is to remand the case to allow the trial court to exercise its discretion.

Due to the fact that neither jury found the Penal Code section 667.61 allegation applicable to count 10, the trial court incorrectly imposed a 15-year-to-life sentence for that offense. The court must, therefore, select a determinate term for that offense. In addition, depending on the independence of the events underlying the crimes, it is possible that determinate terms were unauthorized for counts 2, 6, 7, 8, and 9. (See Pen. Code, § 667.61, subd. (i); § 667.6, subd. (d); former § 667.61, subd. (g), amended by Stats. 2011, ch. 361, § 5.) The court is to address whether determinate terms for those offenses is authorized.

The judgment of conviction is affirmed on all counts but the case is remanded for resentencing consistent with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KUMAR, J.[*]



We concur:




MOSK, Acting P. J.




KRIEGLER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.